**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANTONIA GITTENS, individually and on behalf of all others similarly situated,<br><br>   *Plaintiff*,<br><br> v.<br><br>BADIA SPICES, INC.,<br><br>   *Defendant*. | No. 7:24-cv-07965-PMH |

**BADIA SPICES, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Badia Spices, LLC, formerly known as Badia Spices, Inc. ("Defendant"), respectfully submits its Answer ("Answer") in response to the Class Action Complaint ("Complaint"), dated October 18, 2024, filed by Antonia Gittens ("Plaintiff").

**DEFENDANT'S PRELIMINARY STATEMENT**

The following matters are incorporated by reference into Defendant's responses to each paragraph of the Complaint.

  A. Except as otherwise expressly stated herein, Defendant denies each and every allegation contained in the Complaint, including without limitation any allegations contained in the subparagraphs, headings, and subheadings of the Complaint. To the extent that the titles, headings, subheadings, and paragraphs of the Complaint are intended to be allegations directed to Defendant, they are, unless otherwise admitted, denied.

  B. Defendant specifically answers each paragraph of Plaintiff's Complaint, using the same headings and numberings used in the Complaint, as follows:

## ADMISSIONS AND DENIALS

**I.      Introduction.**

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 1 and therefore denies same. To the extent the remainder of Paragraph 1 purports to summarize the contents of the sources cited in footnotes 1 through 6, links to hearsay articles from media outlets, to the degree accurate, relevant, or somehow admissible, the articles speak for themselves and require no response. Defendant otherwise denies any inconsistent characterization.

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 2 and therefore denies same. To the extent the third sentence of Paragraph 2 purports to summarize the content of the source cited in footnote 7, a link to a hearsay article from a media outlet, to the degree accurate, relevant, or somehow admissible, the article speaks for itself and requires no response. Defendant otherwise denies any inconsistent characterization.

3. Defendant denies the allegations in Paragraph 3, except admits that Badia makes, sells, distributes, and markets spice products, including cinnamon powder. To the extent that the final sentence in Paragraph 3 relies on the source cited in footnote 8, a link to a hearsay article from a media outlet, to the degree accurate, relevant, or somehow admissible, the article speaks for itself and requires no response. Defendant otherwise denies any inconsistent characterization.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and therefore denies same.

**II.     Parties.**

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies same.

6. Defendant admits that Plaintiff's proposed class purports to consist of citizens of all states except California but denies that class certification is appropriate.

7. Defendant admits that it is a Florida limited liability company[1] with its principal place of business in Florida and that it makes, markets, and sells cinnamon powder.

**III. Jurisdiction and Venue.**

8. The allegations in Paragraph 8 are Plaintiff's conclusions of law regarding jurisdiction to which no response is required. To the degree that a response is required, Defendant denies that this matter can be certified as a class action and further denies that Plaintiff is entitled to any relief.

9. The allegations in Paragraph 9 are Plaintiff's conclusions of law regarding jurisdiction to which no response is required except that Defendant admits that it advertises and sells its products in New York. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to the last sentence of Paragraph 9. Defendant denies the remaining allegations of Paragraph 9.

10. The allegations in Paragraph 10 are Plaintiff's conclusions of law regarding venue to which no response is required.

**IV. Facts.**

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 11 and therefore denies same. To the extent the remainder of Paragraph 11 relies on the sources cited in footnotes 9 through 14, links to hearsay articles from media outlets, to the degree accurate, relevant, or somehow admissible, the articles

[1] Badia Spices, Inc., the named entity in this lawsuit, should be Badia Spices, LLC.

speak for themselves and require no response.  Defendant otherwise denies any inconsistent characterization.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 12 and therefore denies same.  To the extent the second sentence of Paragraph 12 relies on the publication cited in footnote 15, to the degree accurate, relevant, or somehow admissible, the publication speaks for itself and requires no response.  Defendant otherwise denies any inconsistent characterization.

13. Defendant admits that it makes, sells, and distributes spices and powders, including cinnamon powder.  The allegations in the remainder of Paragraph 13 rely on the image of a Badia cinnamon powder bottle depicted in the same paragraph, which speaks for itself, and Defendant denies any inconsistent characterization.

14. The allegations in Paragraph 14 are Plaintiff's conclusions of law to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 14.

15. To the extent that the allegations in the first and second sentences of Paragraph 15 purport to rely on the image of the Badia cinnamon powder bottle depicted in Paragraph 13, the image speaks for itself and Defendant denies any inconsistent characterization.  The remaining allegations in Paragraph 15 are conclusions of law to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 15.

16. To the extent that the allegations in Paragraph 16 rely on the source cited in footnote 16 and publication cited in footnote 17, to the degree accurate, relevant, or somehow admissible, the article and publication speak for themselves and require no response.  Defendant otherwise denies any inconsistent characterization.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies same.

18. Defendant denies the allegations in Paragraph 18.

19. To the extent the allegations in Paragraph 19 rely on the publication cited in footnote 18, to the degree accurate, relevant, or somehow admissible, the publication speaks for itself and requires no response. Defendant otherwise denies any inconsistent characterization.

20. To the extent the allegations in Paragraph 20 rely on a source cited in footnote 19, a link to a hearsay article from a media outlet, to the degree accurate, relevant, or somehow admissible, the article speaks for itself and requires no response. Defendant otherwise denies any inconsistent characterization.

21. Defendant denies the allegations in Paragraph 21.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 23 and therefore denies same. Defendant admits that the statements on the packaging and advertisements of Badia products are made for the benefit of consumers. To the extent that the allegations in the third sentence rely on the image of a Badia cinnamon powder bottle depicted in Paragraph 13, the image speaks for itself, and Defendant denies any inconsistent characterization.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore denies same.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore denies same.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies same.

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore denies same.

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore denies same.

30. Defendant denies the allegations in Paragraph 30.

**V.    Class Action Allegations.**

31. Paragraph 31 consists of the definition of the putative class and subclasses Plaintiff purports to represent to which no response is required. To the extent a response is required, Defendant admits that Plaintiff purports to represent the putative class and subclass described in Paragraph 31 but denies that certification of that class or subclass is appropriate.

32. Paragraph 32 excludes certain individuals from the putative class and subclass Plaintiff purports to represent to which no response is required. To the extent a response is required, Defendant admits that Plaintiff purports to represent the putative class and subclass described but denies that certification of that class or subclass is appropriate.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34 and all its subparts.

35. Defendant denies the allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

39. Defendant denies the allegations in Paragraph 39.

40. Defendant denies the allegations in Paragraph 40.

**VI.   Claims.**

### COUNT I: VIOLATION OF NEW YORK GEN. BUS. LAW § 349

41. Defendant repeats and reasserts its responses to the foregoing paragraphs of the Complaint as if fully herein.

42. The allegations in Paragraph 42 are Plaintiff's conclusions of law to which no response is required. To the extent that a response is required, Defendant admits that Plaintiff seeks relief under New York Gen. Bus. Law § 349 but denies that Plaintiff is entitled to any such relief.

43. Defendant denies the allegations in Paragraph 43.

44. Defendant denies the allegations in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45.

46. Defendant denies the allegations in Paragraph 46.

47. Defendant denies the allegations in Paragraph 47.

48. The allegations in Paragraph 48 are Plaintiff's conclusions of law to which no response is required. To the extent that a response is required, Defendant admits that Plaintiff seeks relief under New York Gen. Bus. Law § 349(h) but denies that Plaintiff is entitled to any such relief.

### COUNT II: VIOLATION OF NEW YORK GEN. BUS. LAW § 350

49. Defendant repeats and reasserts its responses to the foregoing paragraphs of the Complaint as if fully herein.

50. The allegations in Paragraph 50 are Plaintiff's conclusions of law to which no response is required. To the extent that a response is required, Defendant admits that Plaintiff

seeks relief under New York Gen. Bus. Law § 350 but denies that Plaintiff is entitled to any such relief.

51.     Defendant denies the allegations in Paragraph 51.

52.     Defendant denies the allegations in Paragraph 52.

53.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 53 and therefore denies same.

54.     Defendant denies the allegations in Paragraph 54.

55.     Defendant denies the allegations in Paragraph 55.

56.     The allegations in Paragraph 56 are Plaintiff's conclusions of law to which no response is required. To the extent that a response is required, Defendant admits that Plaintiff seeks relief under New York Gen. Bus. Law § 350-e(3) but denies that Plaintiff is entitled to any such relief.

## COUNT III: BREACH OF IMPLIED WARRANTY

57.     Defendant repeats and reasserts its responses to the foregoing paragraphs of the Complaint as if fully herein.

58.     The allegations in Paragraph 58 are legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the Plaintiff purports to represent a putative class and subclass but denies that class certification is appropriate.

59.     To the extent the allegations in Paragraph 59 purport to summarize Uniform Commercial Code § 2-314, the source speaks for itself and Defendant denies any inconsistent characterization.

60.     Defendant admits the allegations in Paragraph 60.

61.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and therefore denies same.

62. The allegations in the first sentence of Paragraph 62 are legal conclusions to which no response is required. Defendant denies the allegations in the second sentence in Paragraph 62. Defendant admits the allegations in the third sentence in Paragraph 62 but denies that class certification is appropriate.

63. Defendant denies the allegations in Paragraph 63.

64. The allegations in Paragraph 64 are Plaintiff's conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 64.

65. The allegations in Paragraph 65 are Plaintiff's conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 65.

66. Defendant denies the allegations in Paragraph 66.

67. Defendant denies the allegations in Paragraph 67.

68. Defendant denies the allegations in Paragraph 68.

69. Defendant denies the allegations in Paragraph 69.

## COUNT IV: BREACH OF EXPRESS WARRANTY

70. Defendant repeats and reasserts its responses to the foregoing paragraphs of the Complaint as if fully herein.

71. The allegations in Paragraph 71 are legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the Plaintiff purports to represent a putative class and subclass but denies that class certification is appropriate.

72. Defendant admits that it markets products to consumers but denies the remaining allegations in Paragraph 72.

73. Defendant denies the allegations in Paragraph 73.

74. Defendant denies the allegations in Paragraph 74.

75. Defendant denies the allegations in Paragraph 75.

## COUNT V: QUASI-CONTRACT

76. Defendant repeats and reasserts its responses to the foregoing paragraphs of the Complaint as if fully herein.

77. The allegations in Paragraph 77 are legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the Plaintiff purports to represent a putative class but denies that class certification is appropriate.

78. Defendant denies the allegations in Paragraph 78.

79. Defendant denies the allegations in Paragraph 79.

80. Defendant admits that Plaintiff seeks damages from Defendant but denies that Plaintiff is entitled to such damages.

**VII.   Jury Trial Demand.**

81. The allegations in Paragraph 81 are legal conclusions to which no response is required.

**VIII.   Prayer for Relief.**

82. The allegations in Paragraph 82 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested.

## DEFENSES

Defendant's investigation of the facts alleged in the Complaint is ongoing, and Defendant reserves the right to request leave to assert additional defenses in the future. Without assuming

any burden of proof, persuasion, or production, Defendant states the following affirmative and other defenses:

## FIRST DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim on which relief can be granted because the representations on the challenged label are accurate, are not false or misleading, and are not unlawful in any way.

## SECOND DEFENSE
### (Failure to State a Claim of Breach of Implied Warranty)

Plaintiff's claim of breach of implied warranty is barred because Plaintiff lacks privity with Defendant.

## THIRD DEFENSE
### (Failure to State a Claim of Breach of Express Warranty)

Plaintiff's claim of breach of express warranty is barred because Plaintiff fails to identify any affirmative false or misleading statements made by Defendant.

## FOURTH DEFENSE
### (Lack of Reliance)

Plaintiff's claims are barred because Plaintiff did not purchase Badia cinnamon powder in reliance on any of the product labeling that Plaintiff challenges. To the extent that Plaintiff did in fact purchase Badia cinnamon powder in reliance on Defendant's representations on the Product's label or packaging relating to lead, such reliance was not reasonable.

## FIFTH DEFENSE
### (Lack of Deception)

Plaintiff's claims are barred because no reasonable consumer would have reasonably relied on or understood the challenged labels to indicate that the relevant products could not contain lead.

## SIXTH DEFENSE
### (No Breach of Implied Warranty)

Plaintiff's claims are barred because, to the extent that Defendant's representations in relation to Badia cinnamon powder gave rise to any implied warranty, Defendant did not breach any such warranty.

## SEVENTH DEFENSE
### (Lack of Standing)

Plaintiff's claims are barred because Plaintiff lacks standing to bring the claims asserted in the Complaint.

## EIGHTH DEFENSE
### (No Duty to Disclosure/No Exclusive Knowledge)

To the extent Plaintiff's claims are premised on alleged omissions of material fact, those claims are barred because Defendant had no duty to disclose the alleged presence of trace amounts of lead in Badia cinnamon powder. Defendant did not have exclusive knowledge of the alleged presence of lead in Badia cinnamon powder.

## NINTH DEFENSE
### (No Standing to Seek Injunctive Relief)

To the extent Plaintiff seeks injunctive relief, Plaintiff's claims are barred because Plaintiff is now aware of the alleged presence of lead in Defendant's products. As a result, Plaintiff faces no risk of future injury and lacks standing to seek injunctive relief.

WHEREFORE, Defendant seeks judgment:

    A. dismissing with prejudice all claims against Defendant; and

    B. granting such other and further relief as this Court may deem just and proper.

Dated: January 27, 2025                     Respectfully submitted,

**HOGAN LOVELLS US LLP**

*/s/ Mark R. Cheskin*
Mark R. Cheskin (admitted *pro hac vice*)
600 Brickell Ave Suite 2700
Miami, FL 33131
Phone: (305) 459-6500
Fax: (305) 459-6550
mark.cheskin@hoganlovells.com

Benjamin A. Fleming
Elizabeth B. Cochrane
390 Madison Ave
New York, 10017
Phone: (212) 918-3000
Fax: (212) 918-3100
benjamin.fleming@hoganlovells.com
elizabeth.cochrane@hoganlovells.com

*Counsel for Badia Spices, Inc., now known as Badia Spices, LLC*